Opinion issued May 12, 2026



In The

# Court of Appeals

For The

# First District of Texas

—————————————

## NO. 01-25-01084-CV

—————————————

## NC AND MI, LLC, Appellant

## V.

## EGR CONSTRUCTION, INC, Appellee

On Appeal from the 215th District Court
Harris County, Texas
Trial Court Case No. 2024-09635

## MEMORANDUM OPINION

Appellant filed a notice of appeal on December 22, 2025 challenging trial court orders including the following: (1) a December 2, 2025 order granting appellee's motion for sanctions; (2) a December 16, 2025 "Order Striking Jury Demand;" (3) a December 16, 2025 "Order Denying Reconsideration and Setting

Compliance Hearing;" (4) a December 16, 2025 "Order Denying [Appellants'] Request for a Jury Trial;" and (5) a December 18, 2025 "Trial Preparation Order." On December 31, 2026, the Court issued an order stating that none of the orders appealed were either a final judgment or appealable interlocutory orders. The Court requested a response by January 12, 2026 establishing that this Court has jurisdiction over the appeal.

On January 12, 2026, appellant requested an extension of time to file its response, which the Court granted until January 22, 2026. No response was filed. Appellant filed a second notice of appeal on February 2, 2026, appealing an alleged order by the trial court signed on January 2, 2026. In the letter of assignment of this notice of appeal, the trial court clerk included an order for entry of judgment signed January 19, 2026, indicating that no final judgment had yet been signed.

On February 17, 2026, a clerk's record was filed, containing no final judgment. On February 18, 2026, appellant filed an "amended notice of appeal" from the trial court's January 19, 2026 order for entry of judgment. On February 24, 2026, appellee filed a motion to dismiss, claiming that appellant has not established that this Court has jurisdiction, and asking this Court to dismiss the appeal for lack of jurisdiction.

The orders appellant is attempting to appeal are interlocutory. This Court generally has jurisdiction only over final judgments and those interlocutory orders

the Legislature has expressly permitted appeal. *See CMH Homes v. Perez*, 340 S.W.3d 444, 447 (Tex. 2011). None of the orders appellant is attempting to appeal are final judgments or appealable interlocutory orders. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 200–01 (Tex. 2001) (holding that judgment or order is final for purpose of appeal if it unequivocally states an intention to issue final judgment or if it disposes of every pending claim and party); *CMH Homes*, 340 S.W.3d at 447 (permitting appeal of interlocutory orders only if permitted by statute). Because appellant has not established that the orders appealed are either final judgments or appealable interlocutory orders, appellant has not established that this Court has jurisdiction over this appeal.

Accordingly, we grant appellee's motion and dismiss this appeal. *See* TEX. R. APP. P. 42.3, 43.2(f). Any pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Chief Justice Adams and Justices Guerra and Guiney.